UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tamara R. Ulmes,                                               Case No. 3:24-cv-1679

        Plaintiff,

  v.                                                                                MEMORANDUM OPINION
                                                                             AND ORDER

Matheson Tri-Gas, Inc., *et al.*,

        Defendants.

## I.    INTRODUCTION

Plaintiff Tamara R. Ulmes initiated this litigation against Defendants Matheson Tri-Gas, Inc., and Ronald M. Toland, in the Allen County, Ohio Court of Common Pleas, asserting tort claims against both Defendants arising out of an alleged failure to provide Ulmes with a portion of Toland's retirement account as required by a divorce decree entered concerning Ulmes and Toland. (Doc. No. 1-2). Matheson timely removed the case to this court. (Doc. No. 1).

After some initial motion practice, I granted Ulmes' motion for leave to amend her complaint, (Doc. No. 9), and Ulmes filed her first amended complaint, asserting negligence and breach of fiduciary duty claims against Matheson and an unjust enrichment claim against Toland. (Doc. No. 10). Matheson moved to dismiss Ulmes' claims. (Doc. No. 11). Ulmes opposed the motion, (Doc. No. 13), and Matheson filed a brief in reply. (Doc. No. 14). Toland filed an unopposed motion to sever the unjust enrichment claim and to remand that claim to state court. (Doc. No. 15).

For the reasons stated below, I grant both motions.

## II. BACKGROUND

Ulmes and Toland were married in March of 1987. (Doc. No. 1-2 at 13). They divorced in 2010. (*Id.* at 13-14). During the domestic relations proceedings, Ulmes and Toland entered into a separation and property agreement. (*Id.* at 27-33). In pertinent part, that agreement dictated that Ulmes would receive 33.5% of the value of Toland's 401(k) portfolio with his then-employer, Valley National Gasses WV LLC. (*Id.* at 29-30). Toland became a Matheson employee around the time the divorce decree was entered, after Matheson purchased Valley National Gasses. (Doc. No. 10 at 2).

The separation and property agreement also called for the preparation of a Qualified Domestic Relations Order ("QDRO").[1] (Doc. No. 1-2 at 29-30). The QDRO required that Ulmes' portion of Toland's 401(k) account be "segregated and separately maintained" from Toland's account and for Ulmes' benefit. (Doc. No. 10 at 2). Ulmes alleges this did not occur, "despite Matheson Tri-Gas receiving notice of the [QDRO]." (*Id.*).

Ulmes asserts that, in failing to segregate the account, Matheson was negligent (Count I) or violated its duties under the Employee Retirement Income Security Act ("ERISA") (Count III). (*Id.* at 2-4). She also asserts Toland was unjustly enriched because he retained the funds Ulmes was entitled to pursuant to the QDRO (Count II). (*Id.* at 3).

## III. STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] A "qualified domestic relation order" is "a domestic relations order . . . which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a [retirement] plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I).

(2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Rule 12 also permits a defendant to move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 in part provides that a person "must be joined as

3

a party if[] in that person's absence, the court cannot accord complete relief among [the] existing parties." Fed. R. Civ. P. 19(a)(1)(A). "In determining whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings." *Hensley v. Conner*, 800 F. App'x 309, 312 (6th Cir. 2020) (citation omitted).

### IV.   DISCUSSION

#### A.   MOTION TO SEVER AND REMAND

Matheson removed this action from the Allen County, Ohio Court of Common Pleas, alleging it was removable "pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446." (Doc. No. 1 at 1). Matheson then asserted Ulmes' claim against Toland was not within this Court's original or supplemental jurisdiction, and therefore, should be severed from the federal claim and remanded to state court following removal pursuant to 28 U.S.C. § 1441(c)(2). (*Id.* at 9-10).

Toland likewise argues § 1441(c)(2) requires that I sever the unjust enrichment claim and remand it to state court because that claim does not arise under federal law and because there is not diversity of citizenship as required by 28 U.S.C. § 1332, as he and Ulmes are both residents of Ohio. (Doc. No. 15). Ulmes did not oppose the motion.

I agree with Matheson and Toland that the unjust enrichment claim must be severed and remanded. Therefore, I grant Toland's motion, and order pursuant to § 1441(c) that Count II be severed from the remaining claims and remanded to the Allen County Court of Common Pleas.

#### B.   MOTION TO DISMISS

Matheson moves to dismiss Counts I and III pursuant to Rules 12(b)(6) and 12(b)(7). (Doc. No. 11).

##### 1.   Count I

Matheson argues that Count I must be dismissed because it alleges negligence in the performance of a plan administrator's execution of the administrator's fiduciary duties and,

4

therefore, is preempted by ERISA. (*Id.* at 15-18). Ulmes did not respond to Matheson's preemption argument. (*See* Doc. No. 13).

ERISA preempts a state law claim when that claim "satisfies both prongs of the following test:

> (1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms."

*Hackney v. AllMed Healthcare Mgmt. Inc.*, 679 F. App'x 454, 457 (6th Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (additional citation and internal quotation marks omitted)).

Ulmes alleged in Count I that, after being served with a copy of the QDRO, Matheson breached its duty to segregate Toland's 401(k) account pursuant to the QDRO. (Doc. No. 10 at 2-3). Thus, Count I plainly satisfies the two-part *Davila* test. I conclude Ulmes' negligence claim against Matheson is preempted and grant Matheson's motion to dismiss as to that claim.

**2.      Count III**

In Count III, Ulmes alleges that, despite receiving notice of the QDRO, Matheson failed to do the acts required by the QDRO and therefore violated its fiduciary duty. (Doc. No. 10 at 2, 3-4). Matheson argues this claim must be dismissed because: (1) Ulmes admitted she cannot meet her burden of proof; (2) she admitted her domestic relations attorney, William Kimmelman, never served Matheson or Valley National Gasses with a copy of the QDRO; (3) Kimmelman is a necessary party but has not been joined in this litigation; and (4) Ulmes' ERISA claim is time-barred. (Doc. No. 11 at 10-15).

Matheson's first two arguments are interrelated. Matheson points to several statements Ulmes has made in this case and earlier litigation that Matheson asserts contradict her allegation here that Matheson was served with the QDRO. It first points to a motion for a contempt citation Ulmes filed in her domestic relations case involving Toland in which Ulmes alleged the QDRO "was

5

apparently never served on" Valley National Gasses. (Doc. No. 11-1 at 2). Ulmes also asserted in her motion that Valley National Gasses "was purchased by Matheson Gas since the filing of the QDRO." (*Id.* at 3). The domestic relations court filed an order following a hearing on Ulmes' contempt motion in which the court stated "[i]t was unknown as to whether there was no service of the QDRO on the plan administrator or that the administrator changed and the QDRO did not get to the new plan." (Doc. No. 11-2 at 2). Ulmes later withdrew her motion without prejudice. (Doc. No. 11-3).

Matheson also cites a statement in Ulmes' opposition brief that she "has no way of proving that the QDRO was served on Defendant," (Doc. No. 13 at 4), and argues that statement is a concession "that she has no way of meeting her burden of proof on her ERISA claim." (Doc. No. 14 at 6).

Ulmes asserts her earlier pleadings do not prohibit her from now alleging Matheson was served with the QDRO because she withdrew those pleadings "so that she could seek the appropriate avenues for relief." (Doc. No. 13 at 3-4). And she argues that her "no proof" statement does not have the conclusive effect Matheson would assign to it because it is merely an acknowledgement that she does not have a proof of service in her possession. As she points out, there has been no discovery exchanged in this case and it is possible Matheson may produce evidence showing the QDRO was served. (*Id.* at 4).

But Ulmes' arguments fail to explain away the inconsistency between her allegation in the domestic relations pleading that the QDRO was never served on Toland's employer and her present allegation that it was. (*Compare* Doc. No. 11-1 at 2, *with* Doc. No. 10 at 2). She concedes she does not have any evidence of service and previously admitted she did not know whether Valley National Gasses or Matheson received the QDRO. With this in view, her assertion that "it became clear to Plaintiff that there were multiple possibilities as to how the funds she was entitled to were never put

6

in a separate account pursuant to the QDRO" means nothing more than she can only speculate about what did or did not occur after the QDRO was approved by the domestic relations court in 2010.

In order to succeed on her ERISA claim, Ulmes must prove, among other things, that the QDRO was "received by" the plan administrator. 29 U.S.C. § 1056(d)(3)(G)(i). As I discussed above, Ulmes has stated she does not have any personal knowledge or other evidence to show Matheson received the QDRO. Therefore, her assertion that Matheson did receive the QDRO and, by extension, that a fiduciary relationship was created between herself and Matheson, is no more than "a legal conclusion couched as a factual allegation," one that is not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted). *See also id.* ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted).

I conclude Ulmes has not plausibly alleged Matheson breached a duty it owed her under ERISA. Therefore, I need not consider Matheson's other arguments in support of dismissal.

I grant Matheson's motion to dismiss this claim. *Accord Hieshetter v. Tyson Foods, Inc.*, Case No. 1:19-cv-190, 2019 WL 6330751, at *3 (W.D. Mich. Nov. 5, 2019) (granting motion to dismiss plaintiff's ERISA claim "[b]ecause a plaintiff's status as a participant or a beneficiary is a substantive element of an ERISA claim" and plaintiff failed to plausibly allege she was a beneficiary of an ERISA plan), *report & recommendation adopted by* 2019 WL 6329281 (W.D. Mich. Nov. 26, 2019).

## V. CONCLUSION

For the reasons stated above, I grant Defendant Matheson Tri-Gas's motion to dismiss Plaintiff Tamara R. Ulmes' claims against it. (Doc. No. 11). Further, I grant Defendant Roland M. Toland's unopposed motion to sever and remand the unjust enrichment claim pled against him. (Doc. No. 15).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge